**FILED**

USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK

DATE Jan, 8 ,99

BY Gul

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

DAVID LEE FONTENOT, HENRIETTA L. FONTENOT
AND DOUGLAS FONTENOT

VERSUS

MIKE CONNER, INDIVIDUALLY AND IN HIS
CAPACITY AS THE CHIEF OF THE LAKE ARTHUR
POLICE DEPARTMENT, RICHARD E. EDWARDS,
JR., INDIVIDUALLY AND IN HIS CAPACITY AS
SHERIFF OF JEFFERSON DAVIS PARISH, NIKKI
BENOIT, RAYFORD FONTENOT AND ANDREW
BENOIT, ALL INDIVIDUALLY AND IN THEIR
CAPACITY AS LAW ENFORCEMENT OFFICERS

CV99-0033 L-C

CIVIL ACTION

NUMBER

JUDGE MELANÇON

SECTION

MAGISTRATE

MAGISTRATE JUDGE TYNES

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT WITH DEMAND FOR TRIAL BY JURY

The complaint of David Lee Fontenot, Henrietta L. Fontenot and Douglas Fontenot, persons of the age of majority who are domiciled in the Parish of Jefferson Davis, State of Louisiana (hereinafter David, Henrietta and Douglas respectively), respectfully represents and avers that:

I.

This Honorable Court has jurisdiction in this case pursuant to 42 U.S.C.A. 1983 et. seq., 28 U.S.C.A. 1331 and 28 U.S.C.A. 1343. Complainants invoke the pendent jurisdiction of this Court to hear and decide claims arising under the law of the State of Louisiana. The amount in controversy exceeds Seventy Five Thousand and 00/100



($75,000.00) Dollars, exclusive of interest and costs.

II.

The complainants make demand for a trial by jury, pursuant to F.R.C.P. Rule 38.

III.

Venue is proper in this Honorable Court, as it is the district where all the parties reside and the events complained of occurred.

IV.

Made defendants herein are:

a. MIKE CONNER (hereinafter Conner), both individually and in his official capacity as the elected Chief of Police for the Lake Arthur Police Department, in the Parish of Jefferson Davis, State of Louisiana;

b. RICHARD E. EDWARDS, JR. (hereinafter Edwards), individually and in his official capacity as the elected Sheriff of the Parish of Jefferson Davis, State of Louisiana;

c. NIKKI BENOIT (hereinafter Nikki), individually and in her official capacity as a police officer employed by the Lake Arthur Police Department, located in the Parish of Jefferson Davis, State of Louisiana;

d. ANDREW BENOIT (hereinafter Benoit), individually and in his official capacity as a police officer employed by the Lake Arthur Police Department, located in the Parish of Jefferson Davis, State of Louisiana; and

e. RAYFORD FONTENOT (hereinafter Fontenot), both individually and in his official capacity as a deputy sheriff who is employed by the Parish of Jefferson Davis Sheriff's Office, located within the Parish of Jefferson Davis, State of Louisiana.

V.

Defendants are indebted to these complainants in a sum of Nine Million Five Hundred Thousand and 00/100 ($9,500,000.00) Dollars, together with interest, attorney fees and costs, for the following reasons, to wit:

VI.

At all times relevant to the allegations of this Complaint and in all actions of defendants, defendants were acting under color of law and pursuant to their authority as police officers of the City of Lake Arthur and/or as sheriffs of the Parish of Jefferson Davis.

VII.

On January 20, 1998, Benoit and Nikki went to the residence of the complainants, David, Henrietta and Douglas, to "investigate" a burglary and theft of items from a Catholic church within the town of Lake Arthur (hereinafter referred to as crime).

VIII.

At the front door of complainants' house, officers Nikki and Benoit stated, in the presence of David's mother, Henrietta, that they merely wanted David to step outside his house for questioning about his knowledge regarding the crime.

IX.

At no time while on the porch of complainants' house did Nikki

or Benoit show, or indicate that they possessed, either an arrest or search warrant for David.

X.

As soon as David stepped outside his house and off his porch, he was placed under arrest by Nikki and Benoit for the crime.

XI.

Upon arriving at the Lake Arthur Police Department, David was then brought into its' interrogation room, where he spent several hours being "questioned" about the crime.

XII.

Present in this "interrogation" room at different times were Nikki, Benoit, Conner, Fontenot and other law enforcement officials whose names are unknown to petitioners at this time.

XIII.

While being "interrogated" by these defendants, but especially by Conner and Fontenot, he was always verbally abused and harassed, with defendants conducting their "questioning" in a confrontational manner by yelling while having their face separated from the face of David by a minuscule distance.

XIV.

After an extensive period of time in the "interrogation" room, defendants tried to get David to admit/confess to having conducted, planned and/or participated in the said crime, which efforts of the defendants David constantly and consistently refused to do.

XV.

During the "interrogation", the defendants informed David that

Justin Oliver, another person arrested for the same crime, informed the Lake Arthur Police Department that two other persons allegedly perpetrated the crime with him, whom he identified as complainant, David Fontenot, and James Vincent, a cousin of David Fontenot.

### XVI.

Despite repeated protestations of both his innocence and that he has no cousin by the name of James Vincent, defendants continued to subject David to the "interrogation" previously described.

### XVII.

At some point during David's "questioning", all the defendants left the room to hold a brief meeting outside of David's presence.

### XVIII.

When the defendants returned to the "interrogation" room, the "questioning" continued in the same manner as previously described for a short time.

### XIX.

After a brief session of "questioning", these defendants left the room.  Upon their return from their short meeting outside the "interrogation" room, Conner again called for all the defendants to leave the room except for Fontenot, to whom Conner nodded before he closed the door.

### XX.

As soon as the door had closed behind Conner, Fontenot grabbed David by his throat and began demanding that David admit/confess to his participation in the crime, to which demand David again refused to comply.

XXI.

Fontenot continued to physically attack and abuse David for a period of time which seemed like an eternity to David but which, in the best of David's estimation, was for twenty to thirty minutes, striking David around his head, face, neck, arms, upper torso, mid-section and back.

XXII.

After this lengthy beating, David asked Fontenot what it would take for Fontenot to stop beating him, to which Fontenot responded that David had to write and sign a confession in which he confessed his participation in the crime.  Never during this "interrogation" and subsequent beating was David apprised of his **Miranda** rights or provided access to a telephone to call an attorney, his parents or anyone.

XXIII.

To avoid additional physical abuse, and fearing that he would be further injured or permanently maimed and wanting to do anything at that point to stop the beating, David assented to sign whatever confession was prepared for him.

XXIV.

David then executed a confession that was prepared by someone else who knew that the confession was not voluntary and was being signed under duress and threat of physical injury and after denial of due process of David's rights.

XXV.

Shortly after David signed the confession, he was transported

to the Jefferson Davis Parish Sheriff's Office, where he was booked formally with his alleged criminal charges.

XXVI.

On or about 9:00 A.M., January 21, 1998, Douglas had posted or made bail in an amount sufficient to allow David to leave the jail.

XXVII.

David is being prosecuted for a count of burglary of a church, in case number CR-2079-88 of the Thirty First Judicial District Court in and for the Parish of Jefferson Davis, which matter is set for trial on January 25, 1999.

XXVIII.

On numerous occasions since this incident, officials believed to be members of the Lake Arthur Police Department have followed David without cause or provocation and parked their vehicle on the side of the street on which complainants live and either stared at David or caused the headlights of the automobile which they were driving to shine into the house of the complainants.

XXIX.

As a direct result of the unwarranted, unprovoked, illegal and wrongful incident, which occurred through no fault or negligence of David, Henrietta or Douglas but strictly because of the actions or omissions of defendants, David is required to seek medical care and treatment of a psychiatrist, for which he is still under treatment, and has not sought gainful employment.

XXX.

As a direct result of the unwarranted, unprovoked, illegal and

wrongful incident, which occurred through no fault or negligence of David, Henrietta or Douglas but strictly because of the actions or omissions of these defendants, the marriage of Douglas to Henrietta has undergone severe strain, trauma and difficulty.

## XXXI.

As a direct result of the unwarranted, unprovoked, illegal and wrongful incident, which occurred through no fault or negligence of David, Henrietta or Douglas but strictly because of the actions or omissions of these defendants, Henrietta, who is self-employed, has suffered a severe drop in her earnings, because of the harassment of defendants and her inability to generate new income and procure new contracts which could require her to travel away from her home, thereby leaving her son, David, who has not only suffered physical pain but also is incapable of managing his own affairs as a direct result of the mental trauma and disassociative behavior resulting from the abusive treatment he received at the hands of defendants.

## XXXII.

As a direct result of the unwarranted, unprovoked, illegal and wrongful incident, which occurred through no fault or negligence of David, Henrietta or Douglas but strictly because of the actions or omissions of these defendants, Douglas has suffered a drop in his earnings, due to the harassment of the defendants and him having to oversee the legal proceedings for his son, David, who has not only suffered physical pain but also is incapable of managing his own affairs as a direct result of the mental trauma and disassociative behavior resulting from the abusive treatment which he received at

the hands of defendants.

XXXIII.

As a direct result of the unwarranted, unprovoked, illegal and wrongful incident, which occurred through no fault or negligence of David, Henrietta or Douglas but strictly because of the actions or omissions of the defendants, David's ability to earn future income has been severely limited and impacted due to the mental pain and anguish he continues to suffer and endure.

XXXIV.

At a hearing in case number CR-2079-88 of the Thirty First Judicial District Court in and for the Parish of Jefferson Davis, the "confession" signed by David to stop the beating was suppressed by the Court.

XXXV.

As a direct result of all these acts and omissions, David has suffered great pain, both physical and mental, deprivation of his liberty and loss of his ability to work and to fully function as a member of his family and community.

XXXVI.

As a result of these acts and omissions, Douglas has suffered great mental pain and anguish and loss of his ability to work and fully function as a member of his family and community.

XXXVII.

As a result of these acts and omissions, Henrietta has endured great mental pain and anguish and loss of her ability to work and

fully function as a member of her family and community.

XXXVIII.

The acts of defendants described above were all performed with malice and premeditation under color of state law with willful and wanton disregard of David's rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States of America and in contravention of the letter and spirit of 42 U.S.C. 1983.

XXXIX.

The transportation of David to, and the detention of David at, the Lake Arthur Police Department, without probable cause and without an arrest warrant, constituted a seizure within the meaning of the Fourth Amendment, depriving David of his liberty, and was both unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

XL.

The violation of David's Fourth and Fourteenth Amendment rights by defendants, under color of state law, individually, and through their conspiracy with one another, was in accord with the official policy of both the Lake Arthur Police Department and the Jefferson Davis Parish Sheriff's Office and, therefore, all these defendants are liable to David for the violation of his rights as has been more fully set out hereinabove.

XLI.

As a result of the gross, willful and flagrant violation of the constitutional rights of David as set out above, David is

entitled to a substantial award of punitive damages.

### XLII.

As a result of the illegal actions of defendants, complainants are required to hire attorneys, thus incurring attorneys fees and expenses as a result of defendants' actions.

### XLIII.

David possesses a right to be free from illegal seizure of his person and from an unlawful arrest, detention and imprisonment, those rights being secured to this complainant by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America and by 42 U.S.C. Section 1983.

### XLIV.

Each defendant, separately and in concert, deprived David of his right to:

(a) Freedom from illegal seizure of his person;

(b) Freedom from illegal detention;

(c) Freedom from humiliation, intimidation and harassment;

(d) The enjoyment of life, liberty and property and freedom from their deprivation without due process of the law;

(e) Equal protection of the law; and

(f) Freedom from invasion of privacy.

### XLV.

As a direct result of these abovedescribed acts of defendants toward and against David, Henrietta and Douglas have endured mental anguish, pain and suffering and loss of income, incurred medical expenses in the treatment of David and mounting and ongoing legal

expenses in the defense of David's criminal charge and institution and prosecution of this complaint and have suffered less harmonious marital relations with each other and family relations due to this incident.

### XLVI.

Each act of the defendants comprised a deprivation of David's constitutional rights, privileges and immunities and were carried out under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Louisiana, City of Lake Arthur and Parish of Jefferson Davis and under the authority of their office as law enforcement officers for said city and parish.

### XLVII.

As chief of the Lake Arthur Police Department, Conner is responsible, as employer, for all the acts of the police officers of his department while in the performance of their duties as police officers and for ongoing training of the police officers of his department to ensure that the officers are competent to carry out their assigned duties.

### XLVIII.

Edwards, as Sheriff of the Parish of Jefferson Davis, is responsible, as employer, for all the acts of the deputy sheriffs of his department while in the performance of their duties as deputy sheriffs and for ongoing training of the deputy sheriffs of his department to ensure that the sheriffs are competent to carry out their assigned duties.

XLIX.

David is currently undergoing professional treatment for the psychological injuries resulting from this incident and believes he will require additional treatment for an undetermined period of time into the future as a result of this incident.

WHEREFORE, DAVID LEE FONTENOT, HENRIETTA FONTENOT AND DOUGLAS FONTENOT request the following relief against all of the defendants jointly and severally:

A. Compensatory damages in the amount of FOUR MILLION FIVE HUNDRED THOUSAND AND 00/100 ($4,500,000.00) DOLLARS;

B. Punitive damages in the amount of FIVE MILLION AND 00/100 ($5,000,000.00) DOLLARS;

C. Reasonable attorney's fees and costs; and

D. Such other relief as to the Court appears reasonable and just.

_____
LAW OFFICE OF WILLARD J. BROWN, SR.
Willard J. Brown, Sr.
Louisiana Bar Roll Number 23405
P.O. Box 468
507 4th Street
Gretna, Louisiana    70053
Telephone: (504) 368-5227
Trial Attorney

_____
LAW OFFICE OF DEAN R. YELLIN
Dean R. Yellin
Louisiana Bar Roll Number 10979
215 South Broad Street
New Orleans, Louisiana    70119-6413
Telephone: (504) 821-1160

**PLEASE SERVE**

MIKE CONNER, INDIVIDUALLY AND IN HIS CAPACITY
AS THE CHIEF OF THE LAKE ARTHUR POLICE DEPARTMENT
136 Grand Avenue
Lake Arthur, Louisiana    70549

RICHARD E. EDWARDS, JR., INDIVIDUALLY AND IN
 HIS CAPACITY AS SHERIFF OF JEFFERSON DAVIS PARISH
321 E. Plaquemine Street
Jennings, Louisiana    70546

NIKKI BENOIT, INDIVIDUALLY AND IN HER CAPACITY AS A
 POLICE OFFICER EMPLOYED BY THE LAKE ARTHUR POLICE DEPARTMENT
3355 Trailer Town Road
Lake Arthur, Louisiana    70549

ANDREW BENOIT, INDIVIDUALLY AND IN HIS CAPACITY AS A
 POLICE OFFICER EMPLOYED BY THE LAKE ARTHUR POLICE DEPARTMENT
3355 Trailer Town Road
Lake Arthur, Louisiana    70549

RAYFORD FONTENOT, INDIVIDUALLY AND IN HIS CAPACITY AS A DEPUTY
 SHERIFF EMPLOYED BY THE JEFFERSON DAVIS PARISH SHERIFF'S OFFICE
321 E. Plaquemine Street
Jennings, Louisiana    70546

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
*****************************************************************

DAVID LEE FONTENOT, HENRIETTA L. FONTENOT*
AND DOUGLAS FONTENOT                      *
                                          *    CIVIL ACTION
VERSUS                                    *
                                          *    NUMBER
MIKE CONNER, INDIVIDUALLY AND IN HIS      *
CAPACITY AS THE CHIEF OF THE LAKE ARTHUR  *    SECTION
POLICE DEPARTMENT, RICHARD E. EDWARDS,    *
JR., INDIVIDUALLY AND IN HIS CAPACITY AS  *    MAGISTRATE
SHERIFF OF JEFFERSON DAVIS PARISH, NIKKI  *
BENOIT, RAYFORD FONTENOT AND ANDREW       *
BENOIT, ALL INDIVIDUALLY AND IN THEIR     *
CAPACITY AS LAW ENFORCEMENT OFFICERS      *
*****************************************************************

## V E R I F I C A T I O N

STATE OF LOUISIANA
PARISH OF JEFFERSON DAVIS

Before me, the undersigned Notary Public, duly commissioned and qualified in and for the State of Louisiana, therein residing, personally came and appeared DOUGLAS FONTENOT, who, after being duly sworn, did depose and state that: He was given a copy of the complaint in this case; he has reviewed the complaint; and all the allegations that are contained therein are true and correct to the best of his information, knowledge and belief.

_____
DOUGLAS FONTENOT - AFFIANT

Sworn to and subscribed before me
this ___ th day of January, 1999.

_____
Dean R. Yellin - Notary Public

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
**********************************************************************
DAVID LEE FONTENOT, HENRIETTA L. FONTENOT*
AND DOUGLAS FONTENOT                        *
                                            *    CIVIL ACTION
VERSUS                                      *
                                            *    NUMBER
MIKE CONNER, INDIVIDUALLY AND IN HIS        *
CAPACITY AS THE CHIEF OF THE LAKE ARTHUR    *    SECTION
POLICE DEPARTMENT, RICHARD E. EDWARDS,      *
JR., INDIVIDUALLY AND IN HIS CAPACITY AS    *    MAGISTRATE
SHERIFF OF JEFFERSON DAVIS PARISH, NIKKI    *
BENOIT, RAYFORD FONTENOT AND ANDREW         *
BENOIT, ALL INDIVIDUALLY AND IN THEIR       *
CAPACITY AS LAW ENFORCEMENT OFFICERS        *
**********************************************************************

V E R I F I C A T I O N

STATE OF LOUISIANA
PARISH OF JEFFERSON DAVIS

Before me, the undersigned Notary Public, duly commissioned and qualified in and for the State of Louisiana, therein residing, personally came and appeared HENRIETTA L. FONTENOT, who, after being duly sworn, did depose and state that: She was given a copy of the complaint in this case; she has reviewed the complaint; and all the allegations that are contained therein are true and correct to the best of her information, knowledge and belief.

_____
HENRIETTA L. FONTENOT - AFFIANT

Sworn to and subscribed before me
this __8 th day of January, 1999.

_____
Dean R. Yellin - Notary Public

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
***********************************************************************

DAVID LEE FONTENOT, HENRIETTA L. FONTENOT*
AND DOUGLAS FONTENOT                       *
                                           *    CIVIL ACTION
VERSUS                                     *
                                           *    NUMBER
MIKE CONNER, INDIVIDUALLY AND IN HIS       *
CAPACITY AS THE CHIEF OF THE LAKE ARTHUR   *    SECTION
POLICE DEPARTMENT, RICHARD E. EDWARDS,     *
JR., INDIVIDUALLY AND IN HIS CAPACITY AS   *    MAGISTRATE
SHERIFF OF JEFFERSON DAVIS PARISH, NIKKI   *
BENOIT, RAYFORD FONTENOT AND ANDREW        *
BENOIT, ALL INDIVIDUALLY AND IN THEIR      *
CAPACITY AS LAW ENFORCEMENT OFFICERS       *
***********************************************************************

V E R I F I C A T I O N

STATE OF LOUISIANA
PARISH OF JEFFERSON DAVIS

Before me, the undersigned Notary Public, duly commissioned and qualified in and for the State of Louisiana, therein residing, personally came and appeared DAVID LEE FONTENOT, who, after being duly sworn, did depose and state that: He was given a copy of the complaint in this case; he has reviewed the complaint; and all the allegations that are contained therein are true and correct to the best of his information, knowledge and belief.

_____
DAVID LEE FONTENOT - AFFIANT

Sworn to and subscribed before me this ___ th day of January, 1999.

_____
Dean R. Yellin - Notary Public